UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL WHITE,

                Plaintiff,

    v.

RON HAYNES, WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

                Defendants.

CASE NO. 3:19-CV-05302-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Joel White, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file an amended pleading by June 6, 2019, to cure the deficiencies identified herein.

---

[1] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 1, 4. However, the Court finds it improbable Plaintiff will be able to cure the deficiencies of his Complaint and therefore will not rule on the request to proceed *in forma pauperis* until Plaintiff has filed an amended complaint.

## I. Background

Plaintiff, who is incarcerated at Stafford Creek Corrections Center, alleges he has been illegally incarcerated since being coerced into pleading guilty on July 12, 2013. Dkt. 1-1. Plaintiff requests monetary damages. *Id*.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### A. Statute of Limitations

In his Complaint, Plaintiff alleges he was coerced into pleading guilty in 2013. Dkt. 1-1. He also alleges his right to be free from double jeopardy was violated in 1985 and 2013. *Id*.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

From the allegations contained in the Complaint, Plaintiff had actual notice of the facts related to the claims alleged in the Complaint in 1985 and on July 12, 2013. *See* Dkt. 1-1; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Taking the latest date possible, the time for filing a lawsuit expired on July 12, 2016, three years after Plaintiff was allegedly coerced into pleading guilty. *See* Dkt. 1-1. Plaintiff initiated this lawsuit on April 16, 2019, approximately three years after the last possible date the statute of limitations expired. *See* Dkt. 1. Plaintiff has not shown statutory or equitable tolling is applicable in this case. *See* Dkt. 1-1.

Therefore, Plaintiff must show cause why the Complaint should not be dismissed because it is untimley.

B. Heck Bar

The allegations in the Complaint focus on Plaintiff's allegedly unlawful incarceration, including his convictions and sentences. *See* Dkt. 1-1. The Court finds Plaintiff's convictions would be invalidated if he were to prove the allegations in the Complaint. Thus, the Court finds Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S 477 (1994).

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff alleges he was coerced into pleading guilty and his right to be free from double jeopardy was violated. Dkt. 1-1. If Plaintiff proves all the allegations in the Complaint, it would be grounds for invalidation of his underlying convictions. For example, if Plaintiff proves his plea was not voluntary this could invalidate his 2013 convictions. Plaintiff's convictions could also be invalidated if he proved his right to be free from double jeopardy was violated when he was convicted in 1985 and 2013.

As Plaintiff's allegations amount to an attack on the constitutional validity of his underlying convictions, the Complaint may not be maintained under § 1983 unless Plaintiff can show the convictions have been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As Plaintiff's current convictions have not been reversed and as the validity of the convictions would be called into question if Plaintiff were to prove the facts of this case, his claims are barred by *Heck*. Therefore, Plaintiff must show cause why this case should not be dismissed as *Heck* barred.

### C. Personal Participation

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, Plaintiff names Ron Haynes and the Washington State Department of Corrections ("DOC") as Defendants. Dkt. 1-1. Plaintiff, however, fails to allege any wrong-doing by Defendants. Plaintiff has failed to adequately explain what actions or inactions by Defendants resulted in an alleged constitutional violation. Therefore, Plaintiff's allegations are insufficient to show Defendants violated his constitutional rights. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

D. Improper Defendant

The Court also notes the DOC is not a proper Defendant in this action. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under § 1983.

III. **Instructions to Plaintiff and the Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional

rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct. Plaintiff must also show equitable or statutory tolling applies in this case and show this case is not *Heck* barred.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before June 6, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 7th day of May, 2019.

David W. Christel
United States Magistrate Judge