UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL WHITE,

           Plaintiff,

   v.

RON HAYNES, WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

           Defendants.

CASE NO. 3:19-CV-05302-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: July 12, 2019

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's Motion for Stay or Withdraw Without Prejudice ("Motion"), wherein Plaintiff requests the Court stay this action or allow him to dismiss this action without prejudice. Dkt. 7. After review of the record, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

On April 16, 2019, Plaintiff initiated this lawsuit. *See* Dkt. 1. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and declined to serve Plaintiff's Complaint because it failed to state a claim for which relief could be granted. Dkt. 5. The Court, however, gave Plaintiff until June 6, 2019 to file an amended complaint. *Id*. On June 10, 2019, Plaintiff filed the Motion. Dkt. 7. Plaintiff's Complaint has not been served.

## II. DISCUSSION

In the Motion, Plaintiff requests the Court either (A) stay this case while his state court proceedings are pending or (B) dismiss this case without prejudice. Dkt. 7.

### A. Stay of the Case

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, Plaintiff states he has filed a state personal restraint petition ("PRP"). Dkt. 7. Plaintiff does not explain how his PRP impacts this civil rights litigation, nor does he assert he will suffer any hardship or inequity if he is required to go forward with this case. Therefore, the Court finds Plaintiff has not shown staying this case is appropriate.

B. <u>Voluntary Dismissal</u>

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

The Court has not directed service of the Complaint in this case. Therefore, Plaintiff has requested dismissal of this lawsuit prior to any defendant filing an answer or summary judgment motion. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. Therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 41(a)(1).

**III. CONCLUSION**

For the foregoing reasons, the Court recommends the Complaint be dismissed without prejudice. The Court also finds this case does not constitute a strike under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 12, 2019, as noted in the caption.

Dated this 25th day of June, 2019.

David W. Christel
United States Magistrate Judge